(No. 32265.—

Frederick Fleiszig *et al.,* Appellants, *vs.* The Board of Review of the Division of Unemployment Compensation of the Department of Labor *et al.,* Appellees.

*Opinion filed March 20, 1952.*

C. C. DREMAN, of Belleville, for appellants.

BARBER & BARBER, and GIFFIN, WINNING, LINDNER & NEWKIRK, both of Springfield, (MONTGOMERY S. WINNING, and JAMES M. WINNING, of counsel,) for appellee Panther Creek Mines, Inc.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

In the Spring of 1949 Frederick Fleiszig, Andrew Brandics, Theodore Rachkus and Frank Golob, former employees of the Panther Creek Coal Company, each filed a claim for unemployment benefits under the Unemployment Compensation Act. (Ill. Rev. Stat. 1947, chap. 48, pars. 217-250.) Each claim was denied by the claims deputy, whose decisions were thereafter affirmed on appeal to a referee of the Unemployment Commission. Each claimant thereupon appealed to the Board of Review of the Department of Labor, where the appeals were consolidated and

additional evidence on behalf of the claimants was presented. The board affirmed the decisions of the referee, and on review by the circuit court of Sangamon County the decision of the board was affirmed. From the order of the circuit court, holding that the claimants were not entitled to benefits, they have appealed to this court.

The Unemployment Compensation Act provides, in so far as is relevant: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that: * * * (c) He is able to work, and is available for work." (Ill. Rev. Stat. 1947, chap. 48, par. 222.) The question presented on this appeal is whether the finding of the board, that appellants were not "available for work" within the meaning of subsection (c), is sustained by the evidence.

With respect to appellant Fleiszig, the record shows that he was sixty-five years of age and ceased working at appellee's mine on April 26, 1949, when it closed for lack of work. From that time until May 13, 1949, the date of his interview with the claims deputy, he made no application for work. Thereafter, upon appeal to the referee, and subsequently to the Board of Review, he testified that he "was lot of places looking for janitor work," and that he would work if he could earn the same wage he received at the mine. He did not testify to any specific application for a job.

The evidence concerning the claim of Brandics discloses that he was sixty-eight years of age, and left appellee's employ because he was tired and the work was too difficult. His statement to the claims deputy recited that he planned to retire and discontinue working, and that he had made no application for work. Thereafter, on appeal, he testified that he had asked for employment of a lighter nature, such as cleaning and janitor work, but failed to find any; and that he would be willing to accept work which he was capable of performing, at the prevailing union pay scale.

The evidence relating to Rachkus reveals that he was sixty-five years old, that in December, 1948, he left his employment in the mine because he was too weak for such labor and could not stand the bad air; and that he tried without success to obtain work at a box-making plant and a lumberyard.

Golob testified, in support of his claim, that he left his employment at the mine because there was too much smoke; that he asked at the mine for a lighter job on top, but there was none available; and that he applied for work at a factory and a cemetery without success.

In addition to the foregoing, it appeared that each appellant receives a pension or retirement benefit under a plan set up by their labor union, and each receives social security payments from the Federal government. The labor union retirement plan provides that in order to be eligible for its benefits the employee "must actually retire," and that "an individual shall not be eligible to participate unless he actually retires."

From an examination of the evidence it is clear that the board was justified in refusing to allow compensation. The finding that appellants were not available for work is adequately sustained by this record. In most cases no attempt to obtain employment was made until after claim was presented for unemployment benefits, and the meager testimony of the appellants themselves concerning efforts to find work, even if accepted as true, does not show a full and adequate canvass of the labor market. See *Mohler* v. *Department of Labor,* 409 Ill. 79.

Moreover, the application for and receipt of retirement benefits and old-age assistance clearly evidence an intention to retire from gainful labor, and disclose a mental attitude inconsistent with a genuine attachment to the labor market. The acceptance and retention of a pension, conditioned on the fact of retirement from active employment, cannot be reconciled with a genuine desire to go to work,

and is sufficient in itself to bar a claimant from receiving unemployment compensation. (See *Keystone Mining Co. v. Board of Review,* 167 Pa. Super. 256, 75 Atl. 2d 3.) The intention of the act is to provide benefits for the person who is willing, anxious and ready to obtain employment so that he may support himself and his family, and the phrase "available for work" is designed to test his continued and current attachment to the labor force. (*Mohler v. Department of Labor,* 409 Ill. 79.) There can be no such attachment to the labor force where conduct is shown which is consistent only with an intention or desire to retire.

Appellants rely on testimony by a trustee of the retirement fund that the words "actually retired," as used for purposes of the retirement fund, are interpreted to mean only that the individual must be unemployed at the time he applies for a pension, that provisions suspending payments if he becomes permanently employed elsewhere than in the coal industry were interpreted so as to apply only where the employment is a political job. The argument is then made that a person could obtain employment other than a "political job" and still be eligible for the pension; and that the receipt of the retirement benefits, therefore, had no effect upon appellants' availability for work. The position cannot be sustained. Not only are the "interpretations" in conflict with the language of the retirement plan itself, but there is no evidence that appellants were aware of them before the present proceedings were instituted.

Whether one is "available for work," within the meaning of the act, depends to a large extent upon the facts and circumstances in each case. The phrase is not susceptible of a precise definition, and no clear line can be drawn between availability and unavailability. In determining the question the board should consider the interest of the witness, the probability of his assertions in the light of admitted facts, and other relevant factors and circum-

stances, so that the act will be administered in a realistic manner, and payments of unemployment compensation made only to those persons who show themselves to be eligible. While meritorious claims should not be denied, the purposes of the act will be perverted if its benefits, which are provided at the compulsory expense of others, are paid to persons who are voluntarily idle.

We conclude that the finding of the Board of Review, that appellants were not entitled to unemployment compensation benefits, is sustained by the evidence in this record. The order of the circuit court of Sangamon County, affirming the decision of the board, is correct, and it is accordingly affirmed.

*Order affirmed.*