KATHERINE BROWN, Plaintiff-Appellant, *v.* BOARD OF REVIEW, THE DEPARTMENT OF LABOR, Defendants-Appellees.

(No. 56198; )

First District—September 25, 1972.

*Rehearing denied October 20, 1972.*

James Fox, of Chicago, (Robert Agusto, of counsel,) for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In an action under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*), the Circuit Court of Cook County affirmed a decision of the Board of Review of the Department of Labor of Illinois, Division of Unemployment Compensation (Board). The Board determined that Katherine Brown (claimant) was not entitled to receive benefits for the period of May 17, 1970 through June 6, 1970. The claimant has appealed. The single issue presented is construction of one portion of the Illinois Unemployment Compensation Act which provides (Ill. Rev. Stat. 1971, ch. 48, par. 420):

> "Eligibility for benefits. An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:
>
> \* \* \*
>
> C. He is able to work and is available for work; provided that during the period in question he was actively seeking work."

The record shows that claimant was employed by Zenith Radio Corp. from May 17, 1966, continuously to February 27, 1970, at a salary of $2.53 per hour. She left voluntarily because of too much dust in the department. She found employment at the Skil Corporation from February 27, 1970, to April 14, 1970, at $2.17 per hour. She was then "laid off" by management. She filed a claim for unemployment benefits commencing April 12, 1970. Zenith Radio Corp. filed a notice of possible ineligibility regarding claimant on the ground that since February 27, 1970, she was unavailable for work.

The Deputy found that claimant was unavailable for work from May 17, 1970, through June 13, 1970, since she had failed to show "an active work search" during this time. This was based upon a departmental form B-403 completed by claimant showing five attempts by her to obtain employment within the period from June 8, 1970, to June 12, 1970. The claimant stated that she did not seek work commencing May 17, 1970, because at that time the truck strike was on "and no one is hiring."

Claimant appealed and a hearing was held before a Referee of the Appeals Section. Claimant testified in her own behalf that she had made five personal contacts to various firms in an effort to seek work, all after June 6, 1970. She did not look for work from May 17, 1970, to June 6, 1970. She answered affirmatively to a question by the Referee that "\* \* \* the truck strike had been in effect and it would be no use to go out to look for work, is that right?" In the B-403 form lodged with the Deputy, claimant set out that she was able to work full time in her usual line of work which was assembly; that she would accept welding

work; that she was willing to travel one hour each direction to and from work; that she would accept compensation as low as $54 per week and that she would work any shift, day or night. Claimant is the mother of five minor children.

In a written decision, the Referee allowed benefits from June 7, 1970, through June 13, 1970. This was the period during which claimant had made five personal work search contacts. The Referee denied benefits from May 17, 1970, to June 6, 1970, on the ground that the efforts of claimant to seek new employment during this time could not "be considered sincere or sufficient enough to constitute compliance with the active search for work requirements of the Act." The Referee also found that, "The claimant did not look for work during the above period as she felt that it was useless to do so because of the truck strike which was in effect at the time."

Claimant appealed to the Board of Review of the Department of Labor. The Board affirmed the decision of the Referee. The Board concluded from the evidence that the claimant was unavailable for work and had not properly sought work from May 17, 1970, through June 6, 1970. It did find that claimant was eligible for benefits from June 7, 1970, through June 13, 1970. Upon administrative review obtained by the claimant in the Circuit Court, this disposition was affirmed.

In this court, counsel for claimant has filed a detailed and lengthy brief asserting that the phrase "actively seeking work" must be reasonably interpreted with due consideration to the condition of the labor market and the occupational characteristics of the unemployed; that the existence of a nationwide truck strike must be considered in this context; that the requirement of actively seeking work would be a useless task in light of the condition of the labor market and the occupational characteristics of the claimant; and, finally, that since the claimant put the question of the labor market in issue, the burden rested upon the administrative agency of making a finding as to the conditions of the labor market within which the claimant must search for work. The Board has responded by the contention that the pertinent language of the statute regarding "actively seeking work" may not be disregarded and also that the claimant failed to comply with this condition.

We have carefully examined the many authorities brought to our attention by each side of this controversy. We have given particular attention to cited decisions of the Illinois reviewing courts. In our opinion, none of these Illinois cases is decisive of the question presented here. (*Wadlington v. Mindes*, 45 Ill.2d 447, 259 N.E.2d 257; *Stricklin v. Annunzio*, 413 Ill. 324, 109 N.E.2d 183; *Fleiszig v. Board of Review*, 412 Ill. 49, 104 N.E.2d 818; *Mohler v. Department of Labor*, 409 Ill. 79, 97

N.E.2d 762.) Similarly, we find that none of the authorities from other states cited by claimant are helpful in this precise situation. (*Reger v. Administrator*, 132 Conn. 647, 46 A.2d 844; *Erie Resistor Corp. v. Board of Review*, 94 A.2d 367 and *Higgins v. Board of Review*, etc., 111 A.2d 288.) We find *Nelson v. Van Horn Construction Co.*, 102 N.E.2d 57, also cited by claimant, useful only insofar as it treats determination of whether a claimant has actively sought work as an issue of fact to be decided in each particular case. The case is inapposite here because, despite generalized unemployment, the claimant there actively sought work through his labor union, registration at the Employment Service and a number of independent work search contacts.

An excellent and concise history of Federal and Illinois legislation in the field of Unemployment Compensation was prepared by Samuel C. Bernstein, formerly Administrator of the Illinois Bureau of Employment Security, and appears in the Smith-Hurd Illinois Annotated Statutes. (S.H.A. ch. 48, pages IX and following.) We learn from this valuable piece of work that the "Illinois Unemployment Compensation Act became law on June 30, 1937, and, since that date, it has undergone amendment at every regular and two special sessions of the General Assembly." (S.H.A. ch. 48, page XIV). We also learn from this source that the words presently appearing in the statute "provided that during the period in question he was actively seeking work" were added to Section 420 of the Act by legislative amendment in 1949. See S.H.A. ch. 48, page XXV, at footnote 40.

■ It is our considered opinion that the words "actively seeking work" cannot be construed as setting a rigid and inflexible standard which can be applied in determining eligibility of the claimant in each and every case. These words, as used by the legislature, created a standard of reasonability in the conduct of the claimant in seeking employment which must be determined as an issue of fact by the administrative agency in each particular case in accordance with all of the evidence, facts and circumstances bearing upon the situation. We find this position supported by *Ladd v. Review Board*, 276 N.E.2d 871 decided on December 31, 1971. The Indiana Statute uses the phrase "making an effort to secure work" as the test of eligibility. The Board is directed to define this phrase by rule or regulation. The Indiana Board has stated seven factors which are material: registration with the claimant's union hiring facility or professional organization; application to employer; registration with the placement facility of a school if available; taking civil service examinations; responding to want ads and any other action which constitutes an effective means of securing work.

It is clear from this source that the determination of whether a claim-

ant was "actively seeking work" is an issue of fact. Similarly, although the Illinois Statute, perhaps wisely, makes no effort to define the phrase "actively seeking work" the Illinois Department of Labor has by special bulletin thrown some light upon this subject. We note Bulletin No. 600 issued and prepared by Samuel C. Bernstein, Commissioner of the Illinois Department of Labor, on July 18, 1950, as revised on June 11, 1962. This publication was cited by claimant in a letter to the Board during pendency of the appeal before that body. This bulletin uses the following language:

> "In amending Section 500 C to require that claimants be 'actively seeking work,' the Legislature left the term undefined. This was in recognition of the obvious fact that the requirement can be applied realistically only if it is related to the circumstances of each claimant in the light of labor market conditions prevailing at the time the claim is filed. In view of this fact, active search for work may be defined as a *reasonable* attempt on the part of the claimant to find work or to learn of and seek to be placed in possible job openings."

We approve of this bulletin and of the interpretation of the statutory language which it contains. The issue before the administrative body was thus actually a factual issue and it was the duty of the Board to determine from all of the evidence and circumstances whether the claimant made "a reasonable attempt to find work or to learn of and seek to be placed in possible job openings."

The next logical question is which of the parties had the burden of proof in presentation of this issue of fact before the Board. In *Ladd v. Review Board of Indiana*, 276 N.E.2d 871, at pages 873-874, the court decided this issue as follows with this language:

> "The primary issue in a hearing concerning eligibility is whether the effort made by the claimant was sufficient to satisfy the requirements of the statute and applicable rule and regulations. The burden of proof on this issue rests upon the claimant. Howells v. Review Board (1951), 122 Ind.App. 14, 102 N.E.2d 382."

■■ This court adheres to the above principle and holds specifically that in this type of hearing before an administrative body the claimant has the burden of proving his eligibility and that he was actively seeking work during the period in question. The receipt of unemployment compensation is not without limitation but is a conditional right and the burden of proof of eligibility rests upon the claimant.

■■ The Board in this case, after due consideration of all of the evidence presented, specifically concluded that the claimant was unavailable for work and had not actively sought work. In reviewing this administra-

tive finding, this court is bound by the following principles well summarized by the Supreme Court of Illinois in *Davern v. Civil Service Com.*, 47 Ill.2d 469, at pages 471-472, 269 N.E.2d 713:

> "The Administrative Review Act provides that agency findings on questions of fact are *'prima facie true and correct.'* (Ill. Rev. Stat. 1967, Ch. 110, par. 274.) We have construed this provision to limit the function of the reviewing court to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. (See e.g., *DeGrazio v. Civil Service Com. of Chicago*, 31 Ill.2d 482; *Logan v. Civil Service Com.*, 3 Ill.2d 81; *Harrison v. Civil Service Com. of Chicago*, 1 Ill.2d 137; *Drezner v. Civil Service Com.*, 398 Ill. 219.) The courts will not reweigh the evidence, but are limited to a determination whether the final decision of the administrative agency is just and reasonable in light of the evidence presented. (*Fantozzi v. Board of Fire and Police Com'rs of Villa Park*, 35 Ill.App.2d 248, affirmed 27 Ill.2d 357.) Neither the appellate court nor the trial court may substitute its judgment for that of the administrative agency. (See e.g., *DeGrazio v. Civil Service Com. of Chicago*, 31 Ill.2d 482; *Olsen v. Civil Service Com. of Chicago*, 28 Ill.App.2d 146; *Miglieri v. Lee*, 16 Ill.App.2d 545.)"

■■ Applying this standard to the record before us, we cannot say that the finding of the administrative agency is against the manifest weight of the evidence. The evidence shows a unilateral determination by the claimant to abstain from seeking employment. Under these circumstances, we may not substitute our judgment for that of the administrative agency and we cannot say that the final decision of the agency is unjust or unreasonable.

We will, however, add one further comment with reference to the decision of the Board presently before us. The decision stated categorically that, "[a]s long as the claimant made no effort to find work she could not become eligible for benefits." This language does not go to the proper issue in this case. It is too broad in its implications and certainly should not be applied to an individual who is partially unemployed or on a layoff of short duration. He should not be expected to seek work elsewhere. It should not apply categorically to individuals who usually obtain employment through their labor union, without reference to the duration of the period of unemployment. See Department of Labor Bulletin No. 600 above cited at page 2. The standard of reasonability under the particular facts and circumstances in each individual case must be applied by the administrative agency and no strict or rigid rule may be invariably applied.

However, this language in the decision of the Board does not, in our opinion, affect the force of the specific finding above noted that the claimant was unavailable for work and had not actively sought work. The ruling of the Board is affirmed upon the principles above stated.

The order appealed from is, therefore, affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.