31 Ill. App.3d 968 (1975)
334 N.E.2d 776
DONALD B. DOYLE, Plaintiff-Appellee,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR, et al., Defendants-Appellants.
No. 12645.
Illinois Appellate Court  Fourth District.
September 17, 1975.
William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, Assistant Attorney General, of counsel), for appellant Board of Review.
Schlafly, Godfrey & Fritzgerald, of Alton (R. Emmett Fitzgerald, of counsel), for appellant Laclede Steel Co.
McDonald and Strickland, of Carrollton, for appellee.
Reversed and remanded.
Mr. JUSTICE CRAVEN delivered the opinion of the court:
The Board of Review of the Illinois Department of Labor and Laclede Steel Company, an employer, appeal from a circuit court decision reversing the Board of Review's decision in an unemployment compensation case.
The plaintiff, Donald B. Doyle, was employed by Laclede Steel Company from March 8, 1966, until October 23, 1971, when he was laid off from his job as a millright repairman in the maintenance department. *969 Plaintiff filed a claim for unemployment compensation benefits and was found to have received sufficient wages to entitle him to certain weekly benefits, providing he was otherwise eligible. When he filed claim for unemployment benefits, Laclede filed a notice of possible ineligibility with the Division of Unemployment Compensation, challenging Doyle's availability for work. A claim adjudicator then made a determination that Doyle was eligible for benefits for the period from January 23 through March 4, 1972. Laclede appealed and the referee, after a hearing, set aside the claims adjudicator's determination, finding that Doyle had not registered for work with his regular employer and had not been actively seeking work elsewhere. The claims adjudicator later determined that Doyle was eligible for benefits for the period March 11 through April 29, 1972, and the referee set aside this finding as well on Laclede's appeal. In that decision, the referee noted that Doyle had not worked for six months, but still refused to exercise his plant-wide seniority by registering for work with his regular employer, Laclede. The referee noted that Doyle refused to so register because he would be required to accept work at a rate of pay of $3.35 per hour as opposed to the $4.08 he had been earning between August 1, 1971, and October 23, 1971.
Doyle appealed from both of the referee's decisions. The Board of Review, without taking additional evidence, affirmed the referee's decision, adopting the referee's findings of fact and decision as its finding of fact and decision. Plaintiff sought judicial review of the Board's decision under the Administrative Review Act. (Ill. Rev. Stat. 1971, ch. 110, par. 264 et seq.) On February 28, 1974, the circuit court reversed the Board of Review's decision and ordered payment of unemployment benefits to Doyle for the disputed period.
 1 The Administrative Review Act provides that the findings and conclusions of the administrative agency on questions of fact "shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1971, ch. 110, par. 274.) This provision has been construed to limit the function of the reviewing court to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. (Davern v. Civil Service Com., 47 Ill.2d 469, 269 N.E.2d 713.) Critical to Doyle's application for benefits under the Unemployment Compensation Act was his availability for work (Ill. Rev. Stat. 1971, ch. 48, par. 420), and Illinois courts have treated availability for work as a factual determination to be made by the administrative agency and not disturbed unless manifestly against the weight of the evidence. Mohler v. Department of Labor, 409 Ill. 79, 97 N.E.2d 762; Brown v. Board of Review, 8 Ill. App.3d 19, 289 N.E.2d 40.
The testimony at the two referee's hearings in this case established *970 that the plaintiff, whose salary from August 1971 until October 1971 had been $4.08 an hour, would have been forced to accept work at $3.35 an hour had he signed Laclede's job register. Signing the register would not, however, have jeopardized his chances for being recalled to the higher paying position. Doyle testified that his home was 44 miles from the Laclede plant and that commuting costs of $2.50 or $3.00 a day meant working at Laclede for $3.35 an hour was not economically feasible. He testified that he checked regularly with Laclede to find out if they were planning to recall in the maintenance department and that he had made efforts to find other employment within a 40- to 45-mile radius of his home.
Doyle's testimony was that he had contacted an average of about one employer a week during his period of unemployment, that he was willing to accept a lower paying job which was closer to home or provided greater job security, and that he had looked for work in areas outside his usual occupation.
 2 Illinois decisions throw little light on the meaning of "available for work" under the terms of the Unemployment Compensation Act; the most that can be said is that the cases are consistent in holding that availability depends on the facts and circumstances of the individual case. (Mohler; Brown.) While the Board of Review apparently utilizes some guidelines in evaluating a claimant's availability for work, there is nothing in this record to enlighten the court as to the standards used in making that determination.
The factors considered in determining whether a claimant is "available for work" in the various states are discussed in 1B CCH Unemployment Insurance Reporter ¶¶ 1950-1965. The discussion indicates that such factors as distance of the claimant from available work, difficulty of transportation, and willingness to take lower paying work or work requiring less skill are considered. Generally, the longer a claimant has been out of work, the more willing he must be to travel farther to work and to take lower paying jobs and jobs out of his normal line of work in order to be considered "available for work."
Given that availability for work is a factual matter to be determined within the confines of a poorly defined legal framework, it was error for the circuit court to reverse the Board of Review's decision where there was substantial evidence in support of Laclede's contention that Doyle had made himself unavailable for work. That this court or the circuit court might have reached a different decision under the same evidence does not justify reversal of the Board's decision.
Nevertheless, we feel compelled to comment on the inadequacy of the administrative procedures involved herein to provide a meaningful *971 record on the basis of which this court could evaluate the underlying dispute. As long as there are no stated administrative standards for determining eligibility for work, judicial review of the administrative procedures is essentially meaningless. Moreover, the long delay and great waste of energy involved in resolution of this case is demonstrative of the problems that arise where standards are so uncertain that the participants must trust their appeals as much to luck as to law. This court is now being asked to rule in 1975 on plaintiff's eligibility for unemployment compensation during a four-month period in 1972. The monies involved have already been paid and, while the State has a statutory right to recover these improperly made payments (Ill. Rev. Stat. 1971, ch. 48, par. 490(A)(2)), the likelihood that the State will actually recover the payment and the improbability that any such recovery will repay the time and expense put into this appeal do not bespeak a smoothly functioning system.
At oral argument, this court raised the question whether the entire appeal might not be moot. The Attorney General of Illinois, in a supplemental brief responding to that question, argued that this court should hear the case because the question of availability for work is part of a continuing controversy which ought at some time be resolved by the court. As long, however, as there are no clearly defined administrative standards for determining availability for work, judicial review can do little to resolve such a continuing controversy. Until the Board of Review defines and promulgates some workable standards for determining availability for work, there is nothing to avert continuing waste of money, energy, and valuable administrative and judicial time resolving appeals which might never have arisen if the parties had had some standard for evaluating their legal positions.
Because the findings of the Board of Review are prima facie true and correct on factual matters, and because this court cannot say that those findings were against the manifest weight of the evidence introduced at the hearings below, the decision of the circuit court is reversed, and this cause is remanded with directions to enter an order affirming the Board of Review.
Reversed and remanded with directions.
SIMKINS, P.J., concurs.
Mr. JUSTICE TRAPP, dissenting in part:
I concur in the disposition on administrative review, but disagree with the conclusion that there should be additional administrative standards developed for determining whether there is suitable work for an individual. *972 The statute (Ill. Rev. Stat. 1971, ch. 48, par. 433) states the criteria under which the administrative officers make the necessary finding of fact from evidence in the record.