CARLO FERRETTI, Plaintiff-Appellant, v. THE DEPARTMENT OF LA-
BOR *et al.,* Defendants-Appellees.

First District (4th Division)   No. 85—0162

Opinion filed October 10, 1985.

McMORROW, J., dissenting.

Lionel J. Goulet, of Arlington Heights, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Candida Miranda, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Carol Ferretti, brought an administrative review action in the circuit court of Cook County seeking reversal of a decision of the Illinois Department of Labor, Board of Review (Board). The Board had found, pursuant to section 500(C) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 420(C)), that plaintiff was ineligible to receive unemployment benefits because he did not "actively seek work," as required by the Act. The circuit court confirmed the Board's decision and plaintiff has appealed.

Plaintiff was discharged from his position as a lathe operator at Diamond Technology Industries, Inc. (employer), on October 15, 1982. A claims adjudicator found plaintiff eligible for unemployment benefits and he subsequently received benefits totaling $2,736. After a series of appeals and rehearings, however, this decision was reversed, and plaintiff was found ineligible on the grounds that he did not ac-

tively seek work. He was denied benefits for the period of October 17, 1982, through October 30, 1982.[1]

During the pendency of the appeals, the Bureau of Employment Security issued a notice of reconsidered determination and recoupment decision, demanding that plaintiff repay the $2,736 which he had received. Following the denial of benefits for the two-week period succeeding October 17, 1982, plaintiff again filed for benefits for the weeks ensuing after October 30, 1982. The claims adjudicator, finding that plaintiff did not meet the requirement of actively seeking work, denied benefits for the period of October 31, 1982, through April 16, 1983. Plaintiff appealed, and a hearing was held on October 25, 1983, in which the employer did not appear.

Plaintiff, represented by counsel, testified that he was 33 years old, married, in good health, and that he had completed one year of college. He stated that his wife was not employed and that he was willing to commute one hour to work and would take almost any wage. Plaintiff had looked for full-time employment as a lathe operator, driver, painter, janitor or carpenter's helper. He admitted, however, that he did not seek work in Chicago because it was too far from his home in unincorporated Northbrook. Also, in response to the hearing referee's inquiry, he explained that he did not apply for work in the factory district of Elk Grove Village because he was deterred by the large number of "no help wanted" signs.

Plaintiff produced two lists identifying 48 employers which he had contacted in his job search. The first list, compiled in the course of his job search, contained the names of 19 companies which plaintiff had contacted in response to help wanted ads. These contacts were made in person, by telephone or by mail. The second list, prepared in the week preceding the hearing pursuant to his attorney's advice, contained information regarding an additional 29 contacts involving friends and acquaintances whom plaintiff had asked for jobs. Because this list was compiled well after the fact, it was much less complete with respect to exact dates and addresses. Plaintiff explained that he was not aware that he was supposed to list these informal, personal contacts. He stated that during his regular interviews at the local unemployment office no one either challenged his job search list as inadequate or gave him guidelines as to the number or type of contacts he was required to make. Plaintiff further testified that employment opportunities were severely limited at the time he was looking for

---

[1]The denial of benefits for this particular two-week period is not involved in this appeal.

work and that painting jobs were particularly difficult to find during the winter months. Finally, in May 1983, he started his own house-painting business.

The hearing referee affirmed the denial of benefits, finding that plaintiff did not actively seek work as required by the Act. This decision was affirmed by the Board and again by the circuit court on administrative review.

Plaintiff contends on appeal that the Board's finding that he did not actively seek work during the period in question was against the manifest weight of the evidence.

The determination of whether a claimant has made an active search for work is a question of fact. (*Brown v. Board of Review* (1972), 8 Ill. App. 3d 19, 22-23, 289 N.E.2d 40.) The search requirement has been defined as "a reasonable attempt on the part of the claimant to find work or to learn of and seek to be placed in possible job openings." (*Brown v. Board of Review* (1972), 8 Ill. App. 3d 19, 23, 289 N.E.2d 40.) Although the burden of proving eligibility rests with the claimant (*Brown v. Board of Review* (1972), 8 Ill. App. 3d 19, 289 N.E.2d 40), it has been repeatedly held that the court should adopt a liberal approach in construing the requirements of the Act in favor of allowing benefits (*Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 316, 421 N.E.2d 397). Where the Board's fact findings are not supported by substantial evidence, its decision to deny benefits will be reversed on appeal. *Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 421 N.E.2d 397.

In the case at bar, plaintiff presented uncontradicted evidence of 48 job contacts within the 24-week period in question. He explained that the number of job opportunities was very limited, and that it was especially difficult to find painting jobs during the winter months. This testimony cannot be disregarded. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E.2d 1126.) It is true, as the Board asserts, that plaintiff's second job list was prepared immediately preceding the hearing pursuant to the advice of his attorney. Plaintiff testified, however, that he made several job inquiries to friends, acquaintances and persons with whom he had prior business relationships and that he was not aware that these "informal" contacts should have been listed. In this vein, it appears that although plaintiff drove through the factory district of Elk Grove Village looking for work, he did not record this fact because he found only "no help wanted" signs. He stated that during his routine visits to the unemployment office, no one questioned the adequacy of his job search list or suggested any guidelines as to the nature or quantity of job con-

tacts necessary to fulfill the requirements of the Act. Under these circumstances, we believe that the Board's finding that plaintiff did not conduct a reasonably active job search was contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

LINN, J., concurs.

JUSTICE McMORROW, dissenting:

I respectfully dissent from the decision of the majority. Based upon this record, I cannot conclude that the circuit court's judgment, based upon the Board's finding, was contrary to the manifest weight of the evidence.