(No. 62666.—)

CARLO FERRETTI, Appellee, v. THE DEPARTMENT OF LABOR *et al.*, Appellants.

*Opinion filed January 30, 1987.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Patricia Rosen and Candida Miranda, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Lionel J. Goulet, of Arlington Heights, for appellee.

· JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Carlo Ferretti, filed this action in the circuit court of Cook County for administrative review of the decision of the Illinois Department of Labor Board of Review denying his claim for unemployment benefits. The circuit court affirmed the decision. On appeal, the appellate court reversed (137 Ill. App. 3d 246), and we allowed the petition for leave to appeal of the defendants, the Department of Labor (the Department), E. Allen Bernardi, Director, the Department of Labor Board of Review (the Board), and Diamond Technology Industries, Inc. (the employer) (103 Ill. 2d R. 315(a)).

On October 15, 1982, plaintiff was discharged by the

employer from his position as a lathe operator, allegedly because of inadequate job performance. A claims adjudicator found plaintiff eligible for unemployment benefits, and plaintiff subsequently received weekly benefits of $171, to a total of $2,736. The employer appealed, and the local office of the Department issued a notice of reconsideration and appeal affirming the claims adjudicator's determination.

The sections of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 300 *et seq.*) relevant to this appeal provided:

"Sec. 500. Eligibility for benefits.

An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:

* * *

C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work." Ill. Rev. Stat. 1981, ch. 48, par. 420(C).

"Sec. 602. Discharge for misconduct—Felony.

A. An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks which are either for services in employment, or have been or will be reported pursuant to the provisions of the Federal Insurance Contributions Act by each employing unit for which such services are performed and which submits a statement certifying to that fact." (Ill. Rev. Stat. 1981, ch. 48, par. 432(A).)

On appeal from the decision, a hearing referee for the Department reversed the decision of the claims adjudicator, holding that plaintiff was disqualified under section 602 from receiving benefits by reason of misconduct. The Board set aside the decision of the referee and re-

manded for a new hearing. The decision of the referee following the second hearing again reversed the determination of the claims adjudicator. The order of reversal was based on the referee's finding that plaintiff was ineligible because he did not "actively seek work" as required by section 500(C) of the Act. (Ill. Rev. Stat. 1981, ch. 48, par. 420(C).) The order denying plaintiff's claim for benefits involved only the period of October 17, 1982, through October 30, 1982. Plaintiff then filed a claim for benefits for the weeks following October 30, 1982. The claims adjudicator, finding that plaintiff had not been "actively seeking work," denied plaintiff's claim for the period from October 31, 1982, through April 16, 1983. Plaintiff appealed to the Board of Review, and a hearing was held on October 25, 1983, at which the employer did not appear. The facts elicited at this hearing are undisputed, are adequately stated in the opinion of the appellate court, and will be summarized here only to the extent necessary to discuss the issues.

Plaintiff testified that he was ready, willing, and able to work, that the number of job opportunities was very limited, and that it was difficult to find painting jobs during the winter months. Plaintiff introduced two lists identifying 48 employers whom he had contacted during his job search. One list was on a form provided by the Department of Labor requesting all claimants to list: (1) the date of contact; (2) the name of the employer contacted; (3) the person contacted; (4) the method of contact; (5) the type of work sought; and (6) the results attained. Plaintiff completed one of these forms during the course of his job search, and it contained the names of 19 companies which plaintiff had contacted in person, by telephone, or by mail in response to help-wanted ads. The second list contained only brief descriptions of jobs about which plaintiff had inquired, and contained only the month (year omitted) and the names of companies or

individuals contacted. This list was not prepared on the Department of Labor's form, and it omitted the date and year of contact, method of contact, type of work sought, and result attained. Plaintiff acknowledged that this list was prepared on the eve of the hearing pursuant to his attorney's advice, and because the list was compiled well after the claimed contacts, it was much less complete than the other list. He explained that he was not aware that he was required to list these informal, personal contacts. In May 1983, he formed his own house-painting business, terminating the period for which he has claimed benefits.

The Board affirmed the claims adjudicator's and hearing referee's denial of benefits. On administrative review the circuit court affirmed. On appeal, the appellate court reversed.

Plaintiff contends first "that, under the theory of laches or estoppel, the referee and the Department were precluded from finding a violation of section 500(C) (Ill. Rev. Stat. 1982, ch. 48, par. 420(C)), after the second hearing, when he totally disregarded the matter after the first hearing."

Defendants contend that, in order for estoppel to apply, plaintiff must show that, despite a multiple-level administrative review, he was denied due process.

In *Rockford Life Insurance Co. v. Department of Revenue* (1986), 112 Ill. 2d 174, we restated the test applicable to a defense of estoppel:

> "The usual elements of estoppel—a party's reasonable and detrimental reliance on the words or conduct of another (*Dill v. Widman* (1952), 413 Ill. 448, 455-56)—must be supplemented here with the additional restriction that a public body will be estopped only when that is necessary to prevent fraud or injustice (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 448-49), and that is especially true when public revenues are involved (*People*

*ex rel. Scott v. Chicago Thoroughbred Enterprises, Inc.* (1973), 56 Ill. 2d 210, 220; *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 4-5). This court previously had held that the State is not estopped from reexamining a taxpayer's liability even though the return for that period has been approved [citations] ***." (112 Ill. 2d 174, 185-86.)

Upon application of this test, we hold that the Department was not estopped.

Plaintiff contends that because his testimony was undisputed, and may not be ignored, the question whether he was "actively seeking work" was a question of law, and not of fact. Defendants contend that it was a question of fact, that the factual finding must be taken as *prima facie* true and correct and must be upheld unless it is contrary to the manifest weight of the evidence.

Because, on this record, more than one inference could be drawn by the finder of fact, we hold that the issue was one of fact. *Eagle Discount Supermarket v. Industrial Com.* (1980), 82 Ill. 2d 331.

We consider next whether the decision of the Board was contrary to the manifest weight of the evidence. In holding that it was, the appellate court said:

"In the case at bar, plaintiff presented uncontradicted evidence of 48 job contacts within the 24-week period in question. He explained that the number of job opportunities was very limited, and that it was especially difficult to find painting jobs during the winter months. This testimony cannot be disregarded. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E.2d 1126.) It is true, as the Board asserts, that plaintiff's second job list was prepared immediately preceding the hearing pursuant to the advice of his attorney. Plaintiff testified, however, that he made several job inquiries to friends, acquaintances and persons with whom he had prior business relationships and that he was not aware that these 'informal' contacts should have been listed. In this vein, it appears that although plaintiff drove through the factory district

of Elk Grove Village looking for work, he did not record this fact because he found only 'no help wanted' signs. He stated that during his routine visits to the unemployment office, no one questioned the adequacy of his job search list or suggested any guidelines as to the nature or quantity of job contacts necessary to fulfill the requirements of the Act. Under these circumstances, we believe that the Board's finding that plaintiff did not conduct a reasonably active job search was contrary to the manifest weight of the evidence." 137 Ill. App. 3d 246, 248-49.

Upon examination of the record, we agree. For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*