2025 IL App (1st) 241938-U

No. 1-24-1938

Order filed November 12, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | |
|---|---|
| LYUDMILA POLYAKOVA, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County. |
| | ) |
| v. | ) No. 24 L 50097 |
| | ) |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) |
| BOARD OF REVIEW, and WALGREENS BUSINESS | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendants | ) |
| | ) |
| (The Department of Employment Security, the Director of | ) |
| Employment Security, and the Board of Review, | ) Honorable |
| | ) Daniel P. Duffy, |
| Defendants-Appellees). | ) Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the Board of Review's determination that plaintiff was ineligible for unemployment benefits.

¶ 2    Plaintiff Lyudmila Polyakova appeals the circuit court's order affirming the decision of the Board of Review (Board) of the Department of Employment Security (Department) that she was ineligible for unemployment insurance benefits. She argues the Board erred in finding she was not actively seeking work during the relevant period. We affirm.

¶ 3    Plaintiff was employed as a business systems analyst at Walgreens Business Services, LLC (Walgreens) from May 15, 2006, until her termination effective March 1, 2023. She applied to the Department for unemployment insurance benefits beginning March 26, 2023.

¶ 4    A Department claims adjudicator scheduled an interview with plaintiff. In advance of the interview, the claims adjudicator requested plaintiff provide "work search records from 3/26/23 until present day" and a statement from her doctor. Plaintiff did not submit any work search documentation. During the telephone interview on April 24, 2023, plaintiff reported she was not able or available to work and was not seeking work, stating, "I am still sick."

¶ 5    The claims adjudicator concluded plaintiff was ineligible for benefits because she was not able and available for work during the benefit period of March 26, 2023, to April 8, 2023, and because she voluntarily left employment by failing to return to work at the end of an approved leave of absence.

¶ 6    Plaintiff appealed the determination. The Department mailed her a notice that a hearing would be held before a referee, and later mailed her a notice of continuance that directed her to provide any exhibits prior to the hearing. The second notice further informed her the issues to be considered at the hearing included whether she was able and available to return to work and was actively seeking work during the relevant period.

¶ 7    A Department referee conducted the July 18, 2023, telephonic hearing. Plaintiff appeared with counsel and provided no exhibits.

¶ 8    Plaintiff testified that, due to a complication from "long COVID," she had been on an approved medical leave of absence from January 2021 until her termination. After her doctor released her to work in February 2023, plaintiff called multiple contacts at Walgreens and left voicemails informing them she planned to return to work at the end of February. However, no one returned her calls. Walgreens then sent her a letter dated March 16, 2023, terminating her employment effective March 1, 2023. Plaintiff further testified that during the benefit period, she sought full-time employment as a systems analyst and was willing to work various shifts, to commute up to an hour, and to accept a pay cut.

¶ 9    The referee asked plaintiff if she had any documentation showing what jobs she applied for during the benefit period of March 26, 2023, to April 8, 2023. Plaintiff responded she did not, but she had applied on "Job Link" and could "compile a list." The referee offered plaintiff time to log into her Job Link account to view the jobs she applied for, but she declined and stated she "probably can provide it [a] little bit later." Plaintiff stated she applied to Allstate at the end of March 2023 by giving her resume to a friend who worked there. Plaintiff's job search did not result in any interviews. In response to her counsel's questions, plaintiff clarified that she posted her resume to Job Link, which is searchable by employers.

¶ 10    The referee affirmed the claims adjudicator's determination that plaintiff was not eligible for unemployment benefits. In the written order, the referee found that, pursuant to section 500(C) of the Unemployment Insurance Act (Act), plaintiff was able and available to work but had failed to demonstrate she was actively seeking work. See 820 ILCS 405/500(C) (West 2022). The referee

noted plaintiff "did not submit a work search record, and was not able to provide testimony of the places she applied during the weeks at issue." Therefore, she "did not show that she engaged in a minimally adequate search for work" and "did not demonstrate an effort reasonably calculated to lead to new full-time employment."

¶ 11    Plaintiff appealed the referee's decision to the Board, arguing she actively sought work during the benefit period. In her brief to the Board, plaintiff referenced language from the Department "handbook" stating claimants "must register with the Illinois Employment Service system at IllinoisJobLink.com" and "[i]f you search for work at IllinoisJobLink.com, your efforts will be recorded there." On this basis, plaintiff asserted she complied with "IDES requirements" as well as "all other requirements" under section 500(C) of the Act.

¶ 12    On January 16, 2024, the Board issued a decision concluding plaintiff was not eligible for unemployment benefits under section 500(C) of the Act. Although plaintiff registered with Job Link, she did not utilize any other search engines. In addition, although she testified she applied to Allstate in March 2023, she did not present any records of her job search there or anywhere else. The Board reasoned that absent evidence plaintiff applied for any available position, "[r]egistration and the uploading of a resume on a website cannot reasonably be considered an active search for work." Registration alone was "perfunctory" and "so narrowed [plaintiff's] opportunities that she had no reasonable prospect of securing work and was rendered unavailable" pursuant to section 500(C) of the Act. Accordingly, plaintiff failed to show she was actively seeking work as required.

¶ 13    Plaintiff filed a complaint for administrative review in the circuit court on February 16, 2024, and the circuit court affirmed the Board's decision on August 27, 2024.

¶ 14     Plaintiff appeals, arguing she met all the requirements of section 500(C) of the Act when she registered with Job Link.

¶ 15     On administrative review of a final decision of ineligibility for unemployment benefits, we review the decision of the Board, not the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22.

¶ 16     The applicable standard of review depends on whether the issue presented is a question of fact, a question of law, or a mixed question of fact and law. *Soni v. Department of Employment Security*, 2024 IL App (1st) 220137, ¶ 66. We deem an agency's findings of fact *prima facie* correct and will not reverse unless they are against the manifest weight of the evidence. *Id.* We review questions of law *de novo*. *Id.* We review a mixed question of fact and law—where the question is whether the facts satisfy a statutory standard—for clear error. *Id.* Under this standard, we will not reverse an agency's determination unless we are left with " 'the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393 (2001)).

¶ 17     Here, plaintiff does not challenge the Board's factual findings regarding her job search, but only whether her search satisfied the Act's requirements. We review for clear error the mixed question of whether her efforts constituted "actively seeking work" pursuant to section 500(C) of the Act. See *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 22.

¶ 18     Section 500(C) of the Act provides that an unemployed individual is eligible for benefits if she was "actively seeking work" during the claimed benefit period and "has certified such." 820 ILCS 405/500(C) (West 2022). The claimant bears the burden of proving eligibility. *Rogers v. Department of Employment Security*, 2022 IL App (1st) 210468, ¶ 31. The Illinois Administrative

Code defines "actively seeking work" as "mak[ing] an effort that is reasonably calculated to return him or her to the labor force." 56 Ill. Adm. Code 2865.115(a) (eff. May 14, 2019). The regulations further provide a non-exhaustive list of factors to determine reasonableness that includes an individual's physical and mental abilities, her training and experience, employment opportunities in the area, the length of unemployment, and "the nature and number of work search efforts in light of the customary means of obtaining work in the occupation." *Id.* The quality of a claimant's efforts determines whether she is actively seeking work, "although the quantity of job contacts should be considered." *Id.* § (f).

¶ 19    The claimant must provide her work search record if the Department requests it (820 ILCS 405/500(C) (West 2022)) or "in the event of a Claims Adjudicator's interview, an appeal or a hearing in which work search is an issue" (56 Ill. Adm. Code 2865.100(b) (eff. July 1, 2020)). The work search record must be written and must include (1) the names and addresses of potential employers contacted; (2) the dates, methods, and results of those contacts; (3) the types of work sought, including wages and hours requested or desired; and (4) any other information regarding the claimant's search efforts. *Id.* §§ (a)(2), (b).

¶ 20    As mentioned, the Board found—and plaintiff does not dispute—that she provided no written job search record, that she posted her resume on Job Link but did not directly apply to any jobs there, that she did not use any other job search engines, and that she recalled applying to Allstate at the end of March. The Board determined these efforts did not demonstrate plaintiff was "actively seeking work" during the claimed benefit period. After reviewing the record, we find that the Board's decision was not clearly erroneous. Stated differently, we are not left with a definite and firm conviction that the Board made a mistake in its determination.

¶ 21　First, plaintiff at no point provided a record of her job search as required despite multiple opportunities to do so. Second, merely posting her resume on Job Link and sending it to a friend were not efforts reasonably calculated to return her to the work force. Plaintiff uploaded her resume to Job Link but did not apply for any job opening directly. Regarding her "application" to Allstate, plaintiff did not suggest there was any specific job opening there. As noted, the Board was entitled to consider the quantity of plaintiff's job contacts. See 56 Ill. Adm. Code 2865.115(f), (eff. May 14, 2019). Even considering plaintiff's friend at Allstate to be a job contact, a single application does not constitute an active work search. See *Leach*, 2020 IL App (1st) 190299, ¶ 27 (two to four job inquiries in a month was not actively seeking work).

¶ 22　Plaintiff nevertheless contends she satisfied all requirements by registering at Job Link, because the "IDES handbook" requires such registration. In her brief to the Board, she copied the relevant section from the Department's Unemployment Insurance Benefits Handbook, which requires claimants to register at Job Link. However, the handbook does not state that registering at Job Link is *all* that is required. To the contrary, the same paragraph directs that, "in addition," claimants must keep a record of when and where they apply for work.

¶ 23　Plaintiff further argues the Board "did not take into consideration" that she was unemployed for only two weeks following 17 years with the same employer. She cites *Brown v. Board of Review*, 8 Ill. App. 3d 19 (1972), for the proposition that the Department should follow a "standard of reasonableness under the particular facts and circumstances in each individual case" rather than applying a "strict or rigid rule." *Id.* at 24.

¶ 24　As discussed, Department regulations provide a list of case-dependent factors for determining whether a claimant is actively seeking work that includes "the nature and number of

work search efforts." 56 Ill. Adm. Code 2865.115(a) (eff. May 14, 2019). In this case, the undisputed facts show plaintiff failed to apply for *any* specific job during the benefit period or to provide a written work search record upon request as required. Under these circumstances, it was not clear error for the Board to conclude plaintiff was not actively seeking work and that she therefore failed to prove she was eligible for benefits. See *Leach*, 2020 IL App (1st) 190299, ¶ 27.

¶ 25 For these reasons, we affirm the circuit court's order affirming the Board's determination that plaintiff was ineligible for unemployment benefits.

¶ 26 Affirmed.