336 A.2d 172 (1975)
In re Curtiss V. ARCHER.
No. 101-74.
Supreme Court of Vermont.
April 1, 1975.
*173 Charles D. Hickey, Vermont Legal Aid, St. Johnsbury, for plaintiff.
Raymond S. Fitzpatrick, Barre, for Dept. of Employment Security.
Before BARNEY, C. J., and SMITH, KEYSER, DALEY and LARROW, JJ.
SMITH, Justice.
This appeal is from a decision of the Vermont Employment Security Board, dated May 9, 1974. The issue for review is whether the conclusion of the Board that the appellant was employed while he was a corporate officer, even though he performed no services for the corporation and received no remuneration, is supported by the findings of fact and the Unemployment Compensation Act.
The findings of fact, unexcepted to, present the following factual situation. The appellant, Curtiss V. Archer, was originally employed as a mechanic by Dicur Small Engines, Inc. Dicur was a corporation formed by the appellant and his father-in-law, with the father-in-law owning two-thirds of the stock and the appellant holding the remaining one-third. The father-in-law was president of the corporation, while the appellant was vice-president of the organization, but received no remuneration by virtue of such office.
There came a time when the defendant was informed by the president that no work was available for him and that he should seek employment elsewhere. His employment was terminated as of November 30, 1973. The appellant then obtained work with a company known as Vermont Machines, but was terminated from such employment in January, 1974. The appellant resigned his vice-presidency on March 15, 1974.
The claim of the appellant received rather varied treatment in its various steps through the Unemployment Compensation Act.
The claim was first heard by a claims examiner, who denied the appellant any unemployment compensation. On February 26, 1974, upon appeal by the claimant-appellant, a hearing was held before the Chief Appeals Referee. On March 1, 1974, the Chief Appeals Referee rendered his decision, reversing the determination of the claims examiner, and allowing the claimant benefits "provided he is otherwise eligible." From this decision the Director of the Unemployment Compensation Division of the Department of Employment Security appealed to the Vermont Employment Security Board. The decision of the Board, appealed here, modified the decision of the Chief Appeals Referee by denying the claims for the weeks ending January 5, 1974, through March 16, 1974, but allowing the claim for the weeks ending March 23, 1974, and thereafter provided he was otherwise eligible for benefits.
The reason for such determination is set forth in the conclusion of the Board that:
In this case it is concluded that as vice president of an active corporation in the small engine business, the capital stock of which was owned by claimant and his father-in-law, the claimant was not unemployed.
Controlling here is 21 V.S.A. § 1343 which provides, in part, "(a) An unemployed individual shall be eligible to receive benefits . . . ." The findings of the Board make clear that the claimant was a minority stockholder in Dicur. He received no compensation of any kind for his more or less honorary position as vice-president of the corporation; his compensation from such corporation was only for his services as a mechanic, for which he received a salary of $200.00 a week.
We cannot believe that the Board was so naive as to believe that a minority stockholder of a corporation can control the actions of such corporation as to his own employment or unemployment, even if he is *174 an officer of such corporation. What the Board must have concluded is that an officer of a corporation, regardless of the fact that as such a corporate officer he receives no compensation or other benefits, is employed by such corporation. But 21 V.S.A. § 1301(9) (A) provides, "An individual shall be deemed `totally unemployed' in any week during which he performs no services and with respect to which no wages are earned by him."
Whatever services the claimant may have performed as vice-president after he was told to seek other employment on November 30, 1973 (and there is no finding of any service), the fact is that no wages were earned by him from such corporation after that date.
The Board has not pointed out any exception to the Unemployment Compensation Act relative to corporate officers being "employed" whether or not they receive wages for such corporate positions, and we find none. In Nurmi v. Employment Security Board, 124 Vt. 42, 46, 197 A.2d 483, 486 (1963), we stated, "This Court is not at liberty to read into the statute provisions which the legislature did not see fit to incorporate, nor may it enlarge the scope of its provisions by an unwarranted interpretation of the language used." Accord, In re Hatch, 130 Vt. 248, 257, 290 A.2d 180 (1972). This holding has equal applicability to the powers exercised by the Vermont Employment Security Board or other agency of the State.
The appellant questioned the Board's finding that the claimant did not resign from corporate office until March 15, 1974, but refrained from arguing that this finding was not supported because of his belief that the actual resignation date was immaterial. Under our disposition here, the precise resignation date is of no importance.
The order of the Employment Security Board is reversed, and the order made by the Chief Appeals Referee is reinstated.