John ALEXANDER *v.* WALNUT FORK DESIGN et al

CA 79-69                                593 S.W. 2d 493

January 23, 1980
Released for publication February 13, 1980

*Forrest E. Dunaway,* for appellant.

*Herrn Northcutt,* for appellees.

## PER CURIAM

This is an appeal from a decision by the Board of Review of the Department of Employment Security. Claimant is the president of the corporate employer, Walnut Fork Design, Builders and Woodworking Company, Inc., but

also serves in the company as an hourly wage earner. As president, claimant is one of four stockholders in the company, each holding a 25% interest.

On April 10, 1979, the corporation ran out of work, and the four owners, including the claimant, decided to lay claimant off until June 5, 1979, when two other jobs were to begin.

Claimant contends that his being laid off from his work as an hourly wage earner in the company entitles him to unemployment compensation benefits within the meaning of Section 4 (c) of the Arkansas Employment Security Act. The Agency had determined that claimant was ineligible for benefits under the provisions of Section 5(a) of the Arkansas Employment Security Law, but the Appeals Referee modified the Agency determination by finding that claimant was not unemployed within the meaning of Section 4(c). The Board of Review upheld the decision of the Appeals Referee, stating that the claimant's interest and commitment to the Corporation "precludes his entering the local labor market in search of other employment . . ." Claimant now brings this appeal alleging that there is no substantial evidence to support the Board of Review's decision.

On the contrary, we find substantial evidence to support the decision of the Board of Review and, accordingly, must affirm its holding on appeal. *Terry Dairy Products Company, Inc.* v. *Cash, Commissioner of Labor,* 224 Ark. 576, 275 S.W. 2d 12 (1955). Under Section 4(c), in order to qualify for benefits, the claimant must be available for work and willing to accept it. He must be doing those things which a "reasonable prudent individual" would be expected to do to secure work. Claimant, at one point in the proceedings, stated:

We have two jobs lined up, but can't start either of them now. I will not be seeking work on my own right now because of the jobs we have lined up. (T. p. 12)

It is clear from claimant's statement that he was not available for other employment and not doing those things

one would normally do in order to find employment; which are required under Section 4(c) in order to be eligible for benefits. From the facts before us, we must affirm the decision of the Board of Review.