Randy SPRINGER *v.* Charles L. DANIELS,
Director of Labor, and METROPOLITAN FENCE
COMPANY

E 80-275 613 S.W. 2d 121

No briefs filed.

Tom Glaze, Judge. The claimant, Randy Springer, brings this appeal from an adverse decision by the Board of Review that he is ineligible for unemployment benefits under Section 4 (c) of the Arkansas Employment Security Law. Section 4 (c) provides that claimants will be eligible for benefits if they are unemployed, physically and mentally able to perform suitable work, available for work and do those things which a reasonably prudent individual would be expected to do in order to secure work. The Board held that Springer was not unemployed as that term is used under Section 4 (c) because he remains attached to Metropolitan Fence Company, the employer and corporation, as an officer, director and stockholder. Springer and his father each own forty-nine per cent of the stock in the company and an accountant owns two per cent. The Board adopted the decision of the Appeal Tribunal that Springer is self-employed because of the position held and the interest he retains in the Company. The Board found that the slow-down in work this employer corporation has experienced is simply one of the market vagaries of being self-employed.

The Board relied on our earlier case of *Alexander* v. *Walnut Fork Design*, 267 Ark. 1130, 593 S.W. 2d 493 (Ark. App. 1980) wherein our Court affirmed the Board's denial of benefits under Section 4 (c) to a claimant who was a stockholder and president of a closed corporation employer which no longer had work. The reason claimant was denied benefits in *Alexander* was that he refused to seek work and, therefore, was not available for work or doing those things one would normally do in order to find employment as is required under Section 4 (c).

In the instant case, Springer last worked on August 22, 1980, because the Company was out of work. He was not expected to be rehired by the Company until the Spring of 1981. Unlike the claimant's refusal to work in *Alexander*, Springer filed with the Arkansas Employment Security

Division for job services on August 25, 1980, and also applied for work at three businesses. The record reflects that Springer was at all times available for and actively seeking work. He complied with all of the requirements set forth in Section 4 (c).

It appears that the Board denied benefits to Springer merely because he is an officer and retains a shareholder's interest in the Company. However, he is also an employee of the Company, and it is horn book law that a corporation is a distinct, separate entity from its stockholders and officers. *Shipp* v. *Bell & Ross Enterprises, Inc.*, 256 Ark. 89, 505 S.W. 2d 509 (1974). Springer did state that he was self-employed, but the Board in its findings recognized that he, in fact, worked for a corporation. A grave injustice would be done if benefits were denied a claimant who would otherwise be eligible except that he erroneously stated that he was self-employed. Springer and the Company are separate, and there is nothing in the record which would indicate that they should be treated as one. The Company is the employer and Springer was its employee.

For the foregoing reasons, we hold that the Board's decision is contrary to law, and there is no substantial evidence to support its finding that Springer was employed under Section 4 (c).

Reversed and remanded.