SANDRA GARLAND, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LABOR, BUREAU OF EMPLOYMENT SECURITY, DIVISION OF UNEMPLOYMENT INSURANCE, *et al.*, Defendants-Appellants.

Third District   No. 3—83—0417

Opinion filed January 31, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of counsel), for appellants.

Cynthia M. Raccuglia, of Anthony C. Raccuglia & Associates, of Peru, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This matter comes before us on administrative review of a decision by the Illinois Department of Labor, Bureau of Employment Security. The plaintiff, Sandra Garland, applied to the Department for unemployment compensation benefits. Her application was denied. On administrative review in the circuit court of Bureau County, the decision of the Department was reversed and the plaintiff's application was allowed. The Department appeals the decision of the circuit court of Bureau County for our consideration.

Prior to May 20, 1981, Sandra Garland's husband, Darwin Garland, was president of the Garland Construction Company and owned all of the stock of that corporation. Sandra served as the company's secretary. She was also on the company payroll. There were business reversals in November of 1980, and the plaintiff was laid off. She applied for unemployment benefits through the Department of Labor's Bureau of Employment Security. In May 1981, Darwin Garland transferred all of his stock in the corporation to his wife and she became

the president. The purpose of this transaction was to qualify the business as a "female minority corporation" as that term is defined under Illinois law. Sandra Garland was still not employed, and continued to maintain her claim for unemployment benefits.

In a hearing before the Bureau of Employment Security, Sandra Garland was denied unemployment benefits both for the period of time when she was corporate secretary, and later for the period of time when she was corporate president. During this time, except for the week of May 20, 1981, the plaintiff was a corporate officer in name only, and she performed no services for the corporation nor did the corporation pay her any wages. The Bureau of Employment Security denied Sandra Garland's request for unemployment compensation. The Bureau concluded that unemployment compensation is only available for those who are involuntarily unemployed, and because Garland Construction Company was at all times a closely held family corporation, the Bureau concluded that Sandra Garland had control over her employment and thus her unemployment was voluntary, not involuntary.

As recited at the outset, the plaintiff appealed the decision of the Bureau to the circuit court. On administrative review, the circuit court disagreed with the Bureau of Unemployment Security and awarded unemployment benefits to Mrs. Garland. The Department of Labor has appealed.

■■ According to the Unemployment Insurance Act, "an unemployed individual shall be eligible to receive benefits." (Ill. Rev. Stat. 1981, ch. 48, par. 420.) An individual is "unemployed in any week with respect to which no wages are payable to him and during which he performs no services." (Ill. Rev. Stat. 1981, ch. 48, par. 349.) The purpose of these benefits, and indeed the purpose of the Unemployment Insurance Act, is to benefit only those individuals whose "[e]conomic insecurity [is] due to involuntary unemployment." (Ill. Rev. Stat. 1981, ch. 48, par. 300.) Yet, the legislation is to be construed liberally to benefit those intended to be assisted. *Yurs v. Director of Labor* (1968), 94 Ill. App. 2d 96, 235 N.E.2d 871.

■■ It is noteworthy that the Unemployment Insurance Act establishes an insurance program, and not a tax. Contributions to the program are placed in trust for those it is intended to assist. (*Lindley v. Murphy* (1944), 387 Ill. 506, 56 N.E.2d 832; *Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 53 N.E.2d 944.) Thus, unlike a tax, where benefits are not necessarily payable to all those who pay the tax, benefits of the insurance program should presumably be payable to all for whom contributions must be paid. Contributions are payable

by an "employer" with respect to "wages" payable for "employment." (Ill. Rev. Stat. 1981, ch. 48, par. 550.) Wages include "every form of remuneration for personal services including salaries, commissions, bonuses, and the reasonable money value of all remuneration in any medium other than cash." (Ill. Rev. Stat. 1981, ch. 48, par. 344.) Employment includes "all services performed by an officer of a business corporation *** without regard to whether such officer is or is not a stockholder or member of the board of directors of the corporation." (Ill. Rev. Stat. 1981, ch. 48, par. 316.) Can it be then, that this stockholder-officer for whom required contributions were paid can never benefit from the contributions made in her behalf?

■ The Department of Labor argues that to permit payment of benefits to the plaintiff would open the system to "manipulation" by owners of closely held corporations with a "potential for abuse of the system." Such manipulation was apparently presaged in part by the legislature as it has exempted from the definition of employment "service performed by an individual in the employ of his son, daughter or spouse and service performed by a child under the age of 18 in the employ of his father or mother." (Ill. Rev. Stat. 1981, ch. 48, par. 328.) The Department urges that we refuse "to exalt form over substance and realistically conclude that a family's attempt to observe corporate formalities does not control a decision as to eligibility of a family member for employment benefits." Nevertheless, the legislative scheme and the Department's administration of that scheme seem to exalt form over substance in the requirement to pay contributions. Contributions are required of corporate officers even though the officer is a shareholder and director. (Ill. Rev. Stat. 1981, ch. 48, par. 316.) While exception is made where the employing unit is a family member, no statutory or administrative rule suggests that we look beyond legal formalities to determine the effective owner of the employing unit. Statutory authority exists for the Director of the Department of Labor to "determine all questions of general policy, promulgate rules and regulations and be responsible for the administration of [the Unemployment Insurance] Act." (Ill. Rev. Stat. 1981, ch. 48, par. 610.) Yet, no administrative rule suggests that the exemption applicable to family employment be applied only after piercing the corporate facade to reveal the true identity of the employing entity. Thus, it remains that employers must pay contributions for the benefit of corporate officers, even though those officers may be shareholders and directors. It seems anomalous that funds should be placed in trust for the benefit of these officer-employees with no hope that the funds would ever be available for the employees' benefit because

these employees can control the terms of their own employment.

We are mindful that other jurisdictions have chosen to preclude such individuals from benefiting from the employer contributions made on their behalf. (*DeVivo v. Levine* (1976), 51 App. Div. 2d 619, 377 N.Y.S.2d 309; *Starinieri v. Unemployment Compensation Board of Review* (1972), 447 Pa. 256, 289 A.2d 726.) We recognize these decisions should be persuasive in our deliberations. (*American Steel Foundries v. Gordon* (1949), 404 Ill. 174, 88 N.E.2d 465.) Nevertheless, the decisions of our supreme court which guide us first and foremost in our consideration of this issue convince us that the law of those jurisdictions is not controlling here. The Illinois statute is an insurance program whereby funds are placed in trust for the benefit of those in employment. (*Lindley v. Murphy* (1944), 387 Ill. 506, 56 N.E.2d 832; *Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 53 N.E.2d 944.) Plaintiff was in the employ of Garland Construction Company until her termination. (See Ill. Rev. Stat. 1981, ch. 48, par. 316.) To deny her benefits under the rule of construction urged upon us by the Department would be to deny her benefits under all circumstances, and such a rule would clearly be inconsistent with the liberal application of the statute which our reviewing courts have provided. *Yurs v. Director of Labor* (1968), 94 Ill. App. 2d 96, 235 N.E.2d 871.

We acknowledge the potential for abuse which our holding provides. Nevertheless, the legislature has previously demonstrated a capacity to deal with such potential in the family employment situation. (Ill. Rev. Stat. 1981, ch. 48, par. 328.) If the legislature or the Director choose to confront this problem with a workable solution, opportunities for manipulation will be eliminated. Until such time, we must interpret the statute and the rules as they exist, without judicial revision.

Accordingly, the decision of the circuit court of Bureau County must be affirmed. The plaintiff is entitled to unemployment compensation benefits, benefits which her employer paid into trust on her behalf in the interest of economic security.

Affirmed.

ALLOY and BARRY, JJ., concur.