WINNIE KELLEY, Plaintiff-Appellee, v. THE DEPARTMENT OF LABOR
*et al.*, Defendants-Appellants.

First District (5th Division)   No. 86—2050

Opinion filed September 4, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for appellant.

Winnie Kelley, of Chicago, appellee *pro se.*

JUSTICE LORENZ delivered the opinion of the court:

Defendant Illinois Department of Labor appeals from an order of the circuit court of Cook County reversing its denial of unemployment compensation benefits to plaintiff, Winnie Kelley. Defendant maintains that its finding of ineligibility was supported by the manifest weight of the evidence, and thus the circuit court erred in overturning its decision. Plaintiff has not filed a brief in response; however, we may consider the issue presented under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that from May 5, 1969, until June 5, 1985, plaintiff was employed as a school crossing guard by the Chicago police department. This position encompassed the regular school term, so in June 1985, as in the previous years of her employment, she was laid off for the summer. However, both she and her employer anticipated that she would be reinstated when the fall school term began.

On June 27, 1985, plaintiff filed a claim for unemployment insurance benefits under the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 300 *et seq.*). In her interview with the claims adjudicator on July 18, 1985, she stated that she had worked during some summer layoff periods, but not on a consistent basis, and expected to return to her crossing-guard position in the fall. She also provided a list of the types of employment for which she believed she was qualified, and indicated her willingness to travel 45 minutes to work by public transportation, and expressed her reluctance to accept a pay rate lower than $4.50 per hour in view of the $7.50 per hour that she was earning as a crossing guard. To demonstrate her search for work, she attached a list of the contacts she had made, including personal inquiries at four day-care centers between June 10 to 18, two inquiries at retail shops at the Evergreen Plaza shopping center, and one inquiry in the River Oaks shopping mall from June 24 through July 11, and three telephone inquiries to other prospective employers during the following week.

In response to her claim for benefits, plaintiff's employer filed a

notice of possible ineligibility for benefits, citing her long-term employment as a crossing guard and expectation that she would return to this position in September. In view of these facts, her employer questioned her availability and interest in full-time employment and asserted that she was not entitled to benefits during the summer months.

The claims adjudicator found that plaintiff was a seasonal, part-time worker who was not available for work or actively seeking work, and found her ineligible for benefits under section 500C of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 420C) for the period June 9 through July 13, 1985. Plaintiff disputed the findings of the claims adjudicator and filed a request for reconsideration of his ruling; a hearing on the matter was conducted on August 12, 1985.

At that time, plaintiff testified that she had been employed as a school-crossing guard since 1969 and expected to return to that position in the fall. She stated that she had looked for work during other summer layoff periods, but was last employed four summers before when she worked in a cleanup program conducted by the city sanitation department. She also discussed the contacts she had reported in her search for employment and explained that she would return to her crossing-guard position in the fall if she did not find other work.

The referee set aside the determination of the claims adjudicator and determined that she was eligible for benefits from June 23 through July 13, 1985. In doing so, the referee found that plaintiff was seeking full-time work in day-care or sales, and that by working during past layoff periods, she demonstrated her attachment to the full-time labor force, even though she had consistently returned to her former employment when recalled.

Plaintiff's employer filed a request for reconsideration of this decision asserting that plaintiff's pattern of employment over the past 15 years demonstrated that she was only interested in part-time work and was not entitled to benefits under the Act. After reviewing the record of the evidence and the transcript of the testimony submitted before the referee, defendant agreed with the employer that plaintiff had not met the statutory requirement of actively seeking work and was therefore ineligible for benefits for the stated period under the provisions of section 500C of the Act. Plaintiff filed a *pro se* complaint for administrative review of defendant's decision (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), and in a written order dated June 24, 1986, the circuit court of Cook County reversed defendant's decision. This appeal follows.

██ ▌ In an administrative review proceeding the function of the

reviewing court is to ascertain whether the findings and decisions of the agency are against the manifest weight of the evidence. (*Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 472 N.E.2d 434.) An administrative decision may not be so adjudged unless it appears that an opposite conclusion is clearly evident (*Doran v. Department of Labor* (1983), 116 Ill. App. 3d 471, 452 N.E.2d 118), and unemployment compensation cases are not excepted from these rules. Accordingly, a reviewing court may not substitute its judgment or overturn the findings of the Board of Review unless they are without substance in the record. *Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 465 N.E.2d 1052.

■ The purpose of the Act is to provide compensation benefits to an unemployed individual in order to relieve the economic distress which was caused by involuntary unemployment. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 452, 259 N.E.2d 257.) To that end, section 500C of the Act provides in pertinent part:

> "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:
>
> * * *
>
> C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work * * *." Ill. Rev. Stat. 1983, ch. 48, par. 420C.

■ In Illinois, the receipt of unemployment insurance benefits is a conditional right and the burden of proving eligibility rests with the claimant. (*Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 414 N.E.2d 1244.) In order to be eligible for benefits a claimant must establish that he is available for work, which means that he is ready and willing to accept suitable work, and such availability depends upon the facts and circumstances of each case. *Eddings v. Illinois Department of Labor* (1986), 146 Ill. App. 3d 62, 496 N.E.2d 1167.

The record in the instant case shows that plaintiff had been seasonally employed as a crossing guard for 15 years, and, as in the past, expected to return to that employment in the fall of 1985 after the summer layoff. In order to establish her eligibility for benefits, plaintiff listed the employer contacts she had made, but defendant found them wanting. Based on the totality of the evidence before it, defendant found that plaintiff's search did not demonstrate a sincere effort to find work, that her search was meager, and that her method of contact was not designed to return her to the active work force as soon as possible. As a result, defendant concluded that plaintiff had not met the statutory requirement of actively seeking work and was therefore ineligible for benefits under section 500C of the Act.

■ The phrase "available for work" is not defined in the statute, and, as the supreme court has observed, the term is not susceptible to precise definition and no clear lines have been drawn between availability and unavailability. (*Fleiszig v. Board of Review* (1952), 412 Ill. 49, 104 N.E.2d 818.) As a consequence, the administrative agency must apply a standard of reasonableness under the particular facts and circumstances in each individual case. *Brown v. Board of Review* (1972), 8 Ill. App. 3d 19, 289 N.E.2d 241.

■ In general, the availability requirement of the statute is satisfied where a worker is ready and willing to accept suitable work at a point where there is an available labor market for work he does not have good cause to refuse. (*Mohler v. Department of Labor* (1951), 409 Ill. 79, 97 N.E.2d 762.) This requirement is designed to test the current labor force attachment of the claimant for unemployment compensation (*Rosenbaum v. Johnson* (1978), 60 Ill. App. 3d 657, 377 N.E.2d 258), and whether one is available for work depends to a great extent upon the individual's mental attitude as evidenced by the effort put forth in the search for work. *Mohler v. Department of Labor* (1951), 409 Ill. 79, 97 N.E.2d 762.

The record here shows that for 15 consecutive years plaintiff had established a pattern of seasonal employment as a crossing guard. Although the record indicates that she had worked in a cleanup program during one summer layoff period several years before, there is no indication that she had recently been employed during any similar time periods. In addition, the record clearly shows that, as in the past, she intended to return to her crossing-guard position in the fall of 1985.

■ Although a seasonal worker is not *per se* ineligible for benefits during the off-season of her regular employment, this type of worker must meet the same eligibility requirements as all other claimants. (*Scott v. Board of Review* (1984), 123 Ill. App. 3d 187, 462 N.E.2d 801, *aff'd sub nom Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 472 N.E.2d 434.) In the case at bar, defendant determined that plaintiff had not met her burden on this matter and was therefore ineligible for benefits; our examination of the record reveals sufficient evidence to support that determination. *Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 414 N.E.2d 1244.

■ In its decision defendant pointed out that plaintiff had contacted no more than three employers in any one week and, in that instance, had made all three contacts on the same date. In addition, plaintiff contacted two department stores located in the same shopping mall in one week, one contact on each of two consecutive days, and in another week made one employer contact in person and one

telephone contact three days later, then two telephone contacts in two other weeks. In our judgment, this evidence supports defendant's determination that plaintiff's search constituted a perfunctory effort to secure employment and further indicated that she had made a career choice to remain in a field which involved a summer layoff and to remain detached from the labor market. *Mohler v. Department of Labor* (1951), 409 Ill. 79, 97 N.E.2d 762.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

SULLIVAN, P.J., and MURRAY, J., concur.