GREGG BLAIR, d/b/a Gregg's Amoco, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellant.

Fourth District   No. 4—87—0750

Opinion filed April 21, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of Chicago, of counsel), for appellant.

Fellheimer, Travers & Luckman, Ltd., of Pontiac (Carey J. Luckman, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Gregg Blair, d/b/a Gregg's Amoco, applied for a revision of his unemployment insurance contribution rate with defendant Illinois Department of Employment Security. Defendant determined plaintiff succeeded to substantially all of the employing enterprises of Seggerman's Standard, a gasoline service station which previously occupied the premises plaintiff now occupies. Defendant then transferred Seggerman's experience rating to plaintiff, accounting for plaintiff's high contribution rate. In administrative review the circuit court of Livingston County reversed defendant's decision as against the manifest weight of the evidence. Defendant appeals and we affirm the circuit court.

The issue here revolves around the defendant's interpretation of section 1507 of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 577). This section reads in pertinent part:

"Contribution rates of successor and predecessor employing units. A. Whenever any employing unit succeeds to substantially all of the employing enterprises of another employing unit, then in determining contribution rates for any calendar year, the experience rating record of the predecessor prior to the succession shall be transferred to the successor and thereafter it shall not be treated as the experience rating record of the predecessor, except as provided in subsection B."

The question is whether plaintiff succeeded to "substantially all of the employing enterprises" of Seggerman's Standard. The evidence presented indicates he did not.

Plaintiff received notice from defendant of unemployment benefit wages paid to former employees of Seggerman's Standard for the period of January 1985 through March 1985. Defendant's notice went on to explain that these wages would be charged to plaintiff's employer experience rating resulting in an increase in his unemployment insurance contribution rate. The defendant denied plaintiff's application for revision. Plaintiff filed a protest alleging he was not a successor to the employing enterprises of Seggerman's Standard. Seggerman's Standard did not have a good employment record and had laid off a number of employees, necessitating benefit wages paid to the laid off workers by defendant. Seggerman's had to pay higher employer contributions to defendant under the Act. (Ill. Rev. Stat. 1985, ch. 48, pars. 300 through 820.) Plaintiff did not want to have to pay the higher rates.

Plaintiff's protest of the rates assigned to him resulted in an administrative hearing by defendant on December 13, 1985. Evidence indicated Seggerman and his son had rented the business premises and ran a gasoline service station selling Standard gasoline. Because Seggerman did not keep up on his rent payments, the landlord had ousted Seggerman from the premises through a forcible entry and detainer action. Plaintiff then rented the same premises from the landlord and began operating an Amoco service station there. Plaintiff purchased nothing from Seggerman; acquiring neither inventory, equipment nor goodwill. Although plaintiff sold the same brand of gasoline as had Seggerman, he did not take over Seggerman's contract with the supplier but obtained his own. Plaintiff did admit to hiring Seggerman's last two remaining employees after he started running his business.

On March 4, 1986, the defendant issued its report finding privity of contract is not a prerequisite to a determination that an employer has succeeded to substantially all of the employing enterprises of another employing unit and affirmed the order denying plaintiff's application for revision. Plaintiff filed objections, and on March 31, 1986, the defendant finalized the order denying revision.

■■ ■ This court will not overrule a decision of the defendant with regard to an employer's contribution rate unless it is clearly against the manifest weight of the evidence. (*Snyder & Associates, Inc. v. Cullerton* (1966), 75 Ill. App. 2d 1, 6, 221 N.E.2d 148, 151.) While we agree with defendant that privity of contract between suc-

cessive employers is not necessarily a prerequisite to finding that one employer has succeeded to the employing enterprise of another, the facts here are simply not enough to support defendant's finding. Running a gasoline service station at the same location and hiring two employees of the failed business is not enough to show succession to all of the employing enterprises of Seggerman. The defendant's decision cannot stand.

■ The purpose of the Unemployment Insurance Act is to provide compensation benefits to unemployed individuals in order to alleviate economic distress occasioned by involuntary unemployment. (Ill. Rev. Stat. 1985, ch. 48, par. 300; *Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 390, 472 N.E.2d 434, 436.) In discussing the reasons behind the Act, the court in *Snyder & Associates, Inc. v. Cullerton* (1966), 75 Ill. App. 2d 1, 8-9, 221 N.E.2d 148, 152, noted that of major importance in the transfer of one employer's employment experience rating to another is the nature of the business and circumstances under which it functioned. Where these factors remained unchanged after a successor employer took over a business, *i.e.*, was performing substantially the same work with the same work force, the risk of involuntary unemployment would remain the same. This was the risk the Act was passed to alleviate, so it becomes logical the successor business should retain the experience rating of the prior owner of the business. *Snyder & Associates*, 75 Ill. App. 2d at 8-9, 221 N.E.2d at 152.

A business should not be deemed to be a successor to another business unless there is something to be succeeded to. The court in *Snyder & Associates* reviewed the background and amendments of what is now section 1507 of the Act and made this statement:

"The history of section 1507(A) speaks for itself. It demonstrates that the intent of the Legislature was to permit a transfer of the predecessor's experience rating record to a successor only when there has been a succession to substantially all of the predecessor's business as a going business." (*Snyder & Associates*, 75 Ill. App. 2d at 10, 221 N.E.2d at 153.)

(See also *Ekco Products Co. v. Cummins* (1955), 5 Ill. 2d 307, 315, 125 N.E.2d 526, 531.) The crucial language here is "going business." Unless the second employer is succeeding to a going business, the risks meant to be alleviated by the Act are not present.

Plaintiff did not succeed to a going business. Seggerman's Standard had been slowly going out of business and finally did so after the landlord took legal action to have Seggerman removed from the premises. Plaintiff merely started a new business in Seggerman's old

location and hired two of Seggerman's old employees. Finding that plaintiff had succeeded to Seggerman's business was against the manifest weight of the evidence.

In addition to the fact defendant's position is not supported by the evidence, it is also counterproductive to the very interests the legislature sought to protect in enacting the Unemployment Insurance Act. By imposing the financial burden of increased employment experience rates on a new employer simply for hiring two unemployed workers of a defunct similar business, defendant is discouraging employers from hiring individuals who have lost their jobs when their employer goes out of business. Plaintiff gave jobs to two workers who would otherwise have been eligible to collect unemployment benefit wages. He should not be penalized needlessly for having done so.

The order of the trial court reversing defendant is affirmed.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.