AMBASSADORS TRAVEL SERVICE, INC., Plaintiff-Appellee, v. GERTRUDE W. JORDAN, Director of Employment Security of the State of Illinois, Defendant-Appellant.

Third District    No. 3—01—0006

Opinion filed September 13, 2001.—Rehearing denied October 22, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and John P. Schmidt (argued), Assistant Attorney General, of counsel), for appellant.

William R. Kohlhase (argued) and Jeffrey E. Krumpe, both of Miller, Hall & Triggs, of Peoria, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Defendant Gertrude Jordan, Director of the Department of Employment Security of the State of Illinois (the Department), appeals the trial court's decision reversing a decision by the Department to increase the contribution rate of plaintiff Ambassadors Travel Service, Inc., for the state's unemployment trust fund. We affirm the trial court's decision and hold that when the business of one employer is sold to another employer, the unemployment experience rating record of the predecessor does not transfer to the successor if the successor does not purchase the same entity on which the predecessor's experience rate was based.

## FACTS

The facts of this case are not in dispute. In 1997, Peoria Travel Bureau (PTB), a travel agency, had three offices located in Peoria, Illinois, and one office located in Normal, Illinois. Caterpillar, Inc.,

provided 70% to 75% of PTB's business. In the fall of that year, Caterpillar informed PTB that it would be changing agencies. Within the next few months, PTB consolidated two of its Peoria offices, closed the office that handled the majority of the Caterpillar accounts, and discharged 43 employees. PTB's office in Normal was closed shortly afterwards. Because of the loss of business, PTB's revenues fell from approximately $30 million in 1997 to $6 million in 1998. While approximately 90% of PTB's business was commercial and 10% was leisure in 1997, the following year PTB's leisure operations represented 80% of the business and its commercial operations represented 20%.

Ambassadors was a travel company that started in business in 1989. On November 30, 1998, it purchased PTB for $250,000. The sale included PTB's office equipment, office furniture, and customer list. As part of the bargain, the president and owner of PTB agreed not to compete with Ambassadors for a specified period. Eight of PTB's twelve remaining employees were hired by Ambassadors.

In September of 1999, Ambassadors submitted a report to the Department for the purpose of determining whether Ambassadors should be considered PTB's successor under the Unemployment Insurance Act (Act) (820 ILCS 405/100 et seq. (West 2000)). After receiving the report, the Department notified Ambassadors that it would be considered PTB's successor and that its contribution rate for the unemployment trust fund for 1999 would increase from 0.6% to 4.0% accordingly.

Ambassadors filed an application with the Director requesting review of the rate determination. That application was denied. Ambassadors filed a written protest and a petition for a hearing. In response, the Director's representative issued a written recommendation to the Director suggesting that the revised contribution rate be upheld. Ambassadors filed an objection and demanded a hearing. After a hearing, the Director's representative again recommended to uphold the higher contribution rate. Ambassadors filed a written objection with the Director.

On April 4, 2000, the Director issued a final decision that upheld the revised contribution rate. Thereafter, Ambassadors filed a complaint for administrative review with the circuit court of Peoria County, Illinois. The circuit court reversed, determining that the Director's decision was clearly erroneous. The Director appealed.

## ANALYSIS

■ The sole issue on appeal is whether Ambassadors succeeded to substantially all of the employing enterprises of PTB.

Because this issue involves an examination of the legal effect of a

given set of facts, this court applies the clear error standard of review. See *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 692 N.E.2d 295 (1998).

The Director argues that Ambassadors succeeded to substantially all of the employing enterprises of PTB's ongoing business because it acquired all of PTB's assets, customers, and goodwill, and because Ambassadors hired eight PTB employees. Thus, the Director contends that PTB's unemployment experience rating record should be transferred to Ambassadors for purposes of determining its contribution rate for the unemployment trust fund. Ambassadors responds that it succeeded to only a part of PTB's ongoing business and that it did not acquire the part of PTB's business that formed the basis for the higher contribution rating.

■ Section 1507(A) of the Act states:

"Whenever any employing unit succeeds to substantially all of the employing enterprises of another employing unit, then in determining contribution rates for any calendar year, the experience rating record of the predecessor prior to the succession shall be transferred to the successor ***." 820 ILCS 405/1507(A) (West 2000).

The legislative intent in enacting section 1507(A) was to permit a transfer of the predecessor's experience rating record to a successor only when there has been a succession to substantially all the predecessor's business as a going business. *Robert Snyder & Associates, Inc. v. Cullerton*, 75 Ill. App. 2d 1, 221 N.E.2d 148 (1966).

In *Winakor v. Annunzio*, 409 Ill. 236, 99 N.E.2d 191 (1951), the court examined whether a corporation and a trustee of a will were entitled to the unemployment compensation experience rating of their common predecessor, a dissolved corporation that had owned and operated five retail stores. Based on the fact that the successor corporation acquired approximately 65% of the predecessor's assets and the trustee acquired the remaining 35%, the court found that the successors did not substantially succeed to the business of their predecessor. *Winakor*, 409 Ill. at 239, 99 N.E.2d at 192.

By contrast, after examining all the facts, the court in *Ekco Products Co. v. Cummins*, 5 Ill. 2d 307, 125 N.E.2d 526 (1955), concluded that a manufacturer of cleaning products succeeded to substantially all of the employing enterprises of its predecessor. The new company had purchased machinery, equipment, and supplies from the predecessor company, which were used to manufacture items that accounted for over 97% of the predecessor's gross sales. *Ekco*, 5 Ill. 2d at 315-16, 125 N.E.2d at 531. In addition, the new company hired more than 93% of the predecessor company's employees, leased its

manufacturing plant and warehouse space, and acquired its patent rights, licenses, customer lists, corporate name, trademarks, and goodwill. *Ekco*, 5 Ill. 2d at 315-16, 125 N.E.2d at 531.

■ Based on the standards set forth in *Winakor* and *Ekco*, we hold that PTB's experience rating record should not have been transferred to Ambassadors because Ambassadors did not purchase the same entity on which PTB's experience rate was based. The entities were not the same because PTB lost between 70% and 75% of its revenue prior to its sale due to the loss of Caterpillar's business. While PTB's business was primarily commercial in 1997, it became primarily leisure after the downsizing. Although the sale included PTB's office equipment, office furniture, customer list, and goodwill, Ambassadors did not acquire any of the assets of PTB's office that handled the majority of the Caterpillar accounts. Ambassadors did not purchase PTB's corporate name or trademarks and did not acquire three of PTB's four office locations. See *Ekco*, 5 Ill. 2d at 315, 125 N.E.2d at 531 (finding that a succession to a going business needs to exist for a transfer of employment experience). Despite the fact that 8 employees of PTB were hired by Ambassadors, 43 employees were discharged prior to the downsizing and the discharge of those employees should not be the basis for Ambassador's experience rating. See *Blair v. Department of Employment Security*, 168 Ill. App. 3d 537, 522 N.E.2d 834 (1988) (determining that the infliction of a financial burden of an increased employment experience rate on a new employer that hired unemployed workers of a defunct similar business would discourage new employers from hiring individuals who lost their jobs when their former employers went out of business).

In reaching our conclusion, we recognize the Director's argument that PTB was still a going business although it was downsized from its former self. Nevertheless, we disagree with the Director's position, because the transfer of one employer's experience rating to another should not occur where the successor employer was not performing substantially the same work with the same work force as its predecessor. See *Blair*, 168 Ill. App. 3d at 540, 522 N.E.2d at 836 (finding that a new business did not succeed to a going business and the increased risk of involuntary unemployment that was meant to be alleviated by the Act was not present). Because we determine that Ambassadors did not substantially succeed to all of the employing enterprises of PTB's business, we affirm.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.