ANDRE L. KILPATRICK, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 1—09—0708

Opinion filed April 27, 2010.—Rehearing denied June 3, 2010.

Andre L. Kilpatrick, of Chicago, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellees.

JUSTICE KARNEZIS delivered the opinion of the court:

*Pro se* plaintiff, a college teacher, appeals from the circuit court's order that affirmed the decision of the Board of Review (Board) of the Illinois Department of Employment Security (the Department) to deny him unemployment benefits for the 2008 summer school session. On appeal, plaintiff contends that he was not precluded from such

benefits under section 612 of the Unemployment Insurance Act (Act) (820 ILCS 405/612 (West 2008)), which governs academic personnel. We affirm.

■ Section 612, which is the basis of the challenged decision, provides that academic personnel are not eligible for unemployment benefits between academic years or terms and states, in relevant part:

"2. An individual shall be ineligible for benefits, on the basis of wages for service in employment in any capacity *** performed for an institution of higher learning, *** during a period between two successive academic years or terms, if the individual performed such service in the first of such academic years or terms and there is a reasonable assurance that the individual will perform such service in the second of such academic years or terms." 820 ILCS 405/612(A)(2) (West 2008).

Plaintiff has been employed by City Colleges of Chicago (City Colleges) at Kennedy-King College since August 2004 as an adjunct chemistry instructor on a contract basis during the fall and spring terms, and as a part-time adult-education math instructor on an hourly basis during the fall, spring and summer terms. In 2008, spring term ended on May 10. Plaintiff was scheduled to teach an adult-education class during the summer session, from June 4 to July 23. Fall term began on August 25.

In May 2008, plaintiff filed for unemployment benefits, apparently based on his reduced work hours during the summer session. In an adjudication summary, plaintiff indicated that he has a "written, verbal or implied agreement to work for [Kennedy-King College] in the next academic year, term, or period immediately following the vacation period, or holiday recess." City Colleges filed a protest, stating that plaintiff was "a part-time instructor" who was scheduled to return in the fall semester. City Colleges further observed that the spring session had ended on May 10, 2008, and the fall semester would start on August 25, 2008.

The claims adjudicator agreed with City Colleges and found plaintiff ineligible for benefits because plaintiff had earned wages in employment from an academic institution and had reasonable assurance of returning in the fall as he had done in the previous four years.

Plaintiff applied for reconsideration of the denial of his unemployment benefits, stating that he was not seeking "unemployment in between semesters as an unemployed person" but, rather, was "working reduced hours and should be entitled to unemployment."

At a telephonic hearing on July 28, 2008, plaintiff stated that since 2004 he has worked each summer as a part-time adult-education teacher, up until July 23, 2008. Beginning in the summer of 2007,

plaintiff's hours for the adult education position were reduced from 24 hours per week to 7 hours per week. Full-time teachers teach the non-adult classes in the summer, and if there are extra teaching positions open, they are given to the adjunct faculty members. Since 2004, plaintiff has been rehired for the fall semester at the end of each summer term, and he expected to return to work in August 2008.

Plaintiff framed the issue as being whether or not his claim was filed "between successive terms," as used in section 612 of the Act. Plaintiff argued that he did not file his claim "between successive terms" because at institutions of higher education summer is included as a "term." While acknowledging that he had a reasonable assurance of being reemployed as an adjunct instructor in August, plaintiff argued he had no reasonable assurance that he would be employed as an adjunct in the summer because "of low availability of classes" for adjunct instructors. "Full-timers" are given regular summer classes by the school, and if there are any classes left over, they are given to the adjunct faculty members. Therefore, although plaintiff teaches adult-education classes during the summer, he considers himself involuntarily unemployed with respect to the adjunct faculty position. Plaintiff's basis for claiming unemployment benefits was based on his working reduced hours as an adult-education instructor during the summer. The referee noted that plaintiff's earnings during the summer were below the weekly benefit amount of $310 per week, constituting a "constructive layoff."

The hearing referee affirmed the claims adjudicator's denial of benefits, finding that plaintiff was ineligible for benefits under section 612 of the Act because he "worked for [City Colleges] during the 2007-2008 academic year and will return to teach during the 2008-2009 academic year."

Plaintiff appealed the decision to the Board, reiterating the argument he made during the telephonic hearing. The Board found the Referee's decision "supported by the record and the law," incorporated it as part of the Board's decision, and affirmed the denial of unemployment benefits.

Plaintiff subsequently filed a complaint for administrative review where the circuit court affirmed the Board's decision.

On appeal, plaintiff contends that he was wrongfully denied unemployment benefits because he was unemployed "during an academic term." Plaintiff argues that because higher educational institutions consider summer term as an academic term, plaintiff had applied for benefits "during an academic term," rather than "between academic terms," and is thus entitled to unemployment benefits.

We review the decision of the Board, not that of the circuit court,

and defer to the expertise of the administrative agency. *Village Discount Outlet v. Department of Employment Security*, 384 Ill. App. 3d 522, 524-25 (2008); *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393-95 (2001). Administrative agency decisions involving mixed questions of law and fact are reviewed under a "clearly erroneous" standard of review. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008). The standard is only met where the reviewing court is left with the " ' "definite and firm conviction that a mistake has been committed." ' " *Cinkus*, 228 Ill. 2d at 211, quoting *AFM Messenger*, 198 Ill. 2d at 395, quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

As plaintiff correctly states, the purpose of the Act is to provide compensation benefits to an unemployed individual in order to relieve the economic distress caused by involuntary unemployment. *Kelley v. Department of Labor*, 160 Ill. App. 3d 958, 962 (1987). However, contrary to plaintiff's assertions, we find that section 612 of the Act precludes him from receiving unemployment benefits.

The record shows that since August 2004, plaintiff has worked at Kennedy-King College as an adjunct chemistry instructor during the fall and spring terms, and as a part-time adult-education math instructor during the fall, spring and summer terms. In 2008, the spring term ended on May 10. Plaintiff was scheduled to teach an adult-education class during the summer session, from June 4 to July 23. Fall term began August 25. During the summer months, plaintiff's work hours as an adult-education teacher were reduced from 24 to 7. Although plaintiff argues that the reduction in hours renders him "involuntarily unemployed" because his wages are "less than his weekly benefit amount," we note that plaintiff is *in fact* receiving income for his summer work during June and July, in contrast to educators who are only employed during the spring and fall. See *Campbell v. Department of Employment Security*, 211 Ill. App. 3d 1070, 1081 (1991) (instructor's employment or lack of employment during summer months is irrelevant because section 612 of the Act was "designed to address the common academic practice of instructors not teaching during the summer months").

Plaintiff maintains that he is entitled to benefits because he applied for unemployment benefits during the "summer term," as opposed to "in between terms," and thus section 612 of the Act does not apply to him. In *Doran v. Department of Labor*, 116 Ill. App. 3d 471 (1983), we examined whether the 8-week summer period following the end of the 39-week regular term constitutes a period of unemployment for which the Act was intended to supply benefits, or was a period

between two successive academic years within the meaning of the Act. The plaintiff in *Doran* was employed as a teacher at an alternative school for girls by the Board of Education of the City of Chicago. For 10 years, the plaintiff had taught on a 47-week schedule; the regular 39-week year, plus 8 weeks during the summer. In 1980, the plaintiff was told that she would no longer be employed for the eight-week summer session, and she subsequently filed for unemployment benefits for that period. After the claims adjudicator determined that she was not entitled to benefits under section 612 of the Act, the plaintiff filed an application for reconsideration, arguing that the 8-week summer period constituted a portion of her regular 47-week academic term and was not a period "in between" academic terms. The referee found that during the period in question the plaintiff was a teacher in between academic terms and had a reasonable assurance of returning to work at the start of the successive term. The Board of Review affirmed the referee's decision, and the plaintiff appealed. In examining the school code and academic calender, we found that the "academic term intended by the legislature was the regular term of 39 weeks designated by the school calender," and accordingly found that the summer period was between academic terms, thus making the plaintiff ineligible for unemployment benefits under section 612 of the Act. *Doran*, 116 Ill. App. 3d at 475-76.

We find *Doran* persuasive as applied to the instant case and conclude that plaintiff applied for unemployment benefits "in between academic terms," as opposed to "during academic terms." Although plaintiff urges us to construe the summer session as part of the regular academic schedule at Kennedy-King College, according to the "Academic Calender" document supplied by plaintiff:

> "The Kennedy-King College *academic year* is divided into *two* eighteen week semesters: fall, beginning in late August and ending just before Christmas, and spring, from mid January to mid May. The *summer session* is an eight week term (late June through early August)." (Emphasis added.)

The calender offers no support for plaintiff's position, as it clearly states that the "academic year" includes two semesters, fall and spring, and differentiates the academic year from "summer session." Therefore, in accordance with *Doran*, we are not persuaded that the summer session was intended to be included as an "academic term" within the meaning of section 612 of the Act.

■ In addition, and perhaps most importantly, the appellate court has repeatedly found that the key inquiry regarding whether an academic instructor is entitled to unemployment benefits is whether he or she has a "contract or reasonable assurance" of future work.

*Marzano v. Department of Employment Security*, 339 Ill. App. 3d 858, 862 (2003) (instructor's status as full-time or substitute teacher is irrelevant; application of section 612 depends on whether educational instructor has a reasonable assurance of future work); *Campbell*, 211 Ill. App. 3d at 1073, 1080-81 (part-time college teacher who was denied employment during the summer was correctly denied benefits because he had reasonable assurance of returning to work during the fall term); *Davis v. Board of Review of the Department of Labor*, 132 Ill. App. 3d 853, 855 (1985) ("A teacher's eligibility is determined on a weekly basis. During any week in which a teacher has a contract or reasonable assurance of employment during the upcoming school year, the teacher is not eligible to receive unemployment compensation").

The fact that plaintiff's hours as an adult-education instructor are reduced during the summer term, arguably rendering him technically unemployed, does not change the fact that he has always had a "reasonable expectation" of returning for work in the fall. Plaintiff acknowledges that since 2004, he has had *both* a contract and "reasonable assurance" that he would be rehired as an adjunct instructor at the beginning of the fall semester in August. Indeed, since August 2004, plaintiff has worked as an adjunct chemistry instructor during the spring and fall and as a part-time adult-education math instructor during the spring, fall and summer.

Given the circumstances, we do not believe that plaintiff is entitled to receive unemployment benefits "to relieve the economic distress which was caused by involuntary employment." *Kelley*, 160 Ill. App. 3d at 962. We agree with defendants that it cannot be the legislative intent that an academic employee receiving income for teaching during the summer months should be entitled to unemployment benefits, while other academic employees without employment or income during the summer are not.

After reviewing the record and considering the issues raised by plaintiff, we cannot say that we are left with the "definite and firm conviction that a mistake has been committed." See *Cinkus*, 228 Ill. 2d at 211. For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

CUNNINGHAM, P.J., and THEIS, J., concur.